**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

SHEILA M. VÁZQUEZ-BENÍQUEZ,

Plaintiff,

v.

IBERIA LÍNEAS AÉREAS DE ESPAÑA, Sociedad Anónima Operadora,

Defendant.

CIVIL NO. 25-1539 (JAG-HRV)

**MEMORANDUM AND ORDER**

Plaintiff Sheila M. Vázquez-Beníquez ("Vázquez" or "Plaintiff") filed this action against Defendant IBERIA Líneas Aéreas de España ("IBERIA") under the Montreal Convention, to recover damages suffered after hot coffee served to her on board of an IBERIA operated flight from San Juan, Puerto Rico to Madrid, Spain, spilled on to her and burned her skin. (First Amended Complaint, Docket No. 8).[1] Pending before the Court is "Plaintiff's Motion to Compel Discovery and For an Award of Expenses under Rule 37(a)(5)." (Docket No. 53). Plaintiff seeks an order from the Court compelling IBERIA to supplement answers to interrogatories and/or produce four categories of records: (1) prior passenger burn incidents; (2) maintenance records for the aircraft's

[1] For purposes of this brief order, the undersigned assumes the parties' familiarity with the facts and procedural history of this case.

coffee makers and seats; (3) videos made by Iberia simulating the spill; and (4) burn-response and first aid training materials. (Id.). Vázquez also requests an award of expenses including reasonable attorney's fees under Fed. R. Civ. P. 37(a)(5). IBERIA opposes the motion to compel. (Docket No. 53). Plaintiff replied (Docket No. 59), and IBERIA surreplied. (Docket No. 62).

Upon the referral order of the presiding District Judge (Docket No. 54), this matter was randomly assigned to me for disposition. (Docket No. 55). I held a motion hearing on October 26, 2026. (Docket No. 65). With the benefit of the parties' extensive briefing, and after careful consideration of the arguments made at the hearing, I am in a position to rule. The motion to compel will be granted in part and denied in part.

At the outset, I note that the controversy with respect to items (2) and (4) of the motion to compel was rendered moot at the hearing. IBERIA will produce two relevant work orders and certify under the penalty of perjury that there are no additional responsive documents related to the maintenance of coffee makers or seats in the logbook of flight IB 0380 on June 6, 2025. IBERIA will also produce the burn-response training and first aid materials (relevant pages, not the full booklet).

Now, in regards to the crux Interrogatories 12 and 13, and Request for Production 4, I agree with Plaintiff that by asserting an affirmative defense under Article 21, the question whether IBERIA was negligent is plainly relevant and so is evidence of prior similar incidents. *See Elsherif v. Am. Airlines, Inc.*, No. 25-CV-1597 (PKC) (CHK), 2026 WL 2927713, 2026 U.S. Dist. LEXIS 222467, at *28-32 (E.D.N.Y. Sept. 29, 2026) (denying airline's request to strike allegations of similar incidents as they were relevant to the question whether Defendant was on notice of danger of sexual harassment and

assaults to female passengers as well as to the elements of "duty and causation for purposes of the Article 21 negligence dispute"); *see also Ayat v. Sociètè Air France*, No. C 06-1574 JSW (JL), 2007 WL 9812912, 2007 U.S. Dist. LEXIS 114483, at *5 (N.D. Cal. Mar. 15, 2007) (denying request for protective order where Defendant failed to show good cause to bar Plaintiff from liability discovery, including on Defendant's Montreal Convention affirmative defenses); and Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."). Thus, the undersigned orders IBERIA to conduct a reasonable search of its databases and records going back five (5) years and produce any responsive documents. *See Dipesa v. Home Depot USA, Inc.*, 245 F.R.D. 53, 54-55 (D. Mass. 2007); *Fauteaux v. Walmart Inc.*, No. CV 20-00925-DSF (RAOx), 2022 WL 1716002, 2022 U.S. Dist. LEXIS 79218, at *26 (C.D. Cal. Jan. 21, 2022) (citing cases where courts have typically permitted similar type of discovery for a period of five years preceding the incident.); *Andrey Syrisko v. Kent Int'l, Inc.*, No. 19-cv-1917-T-02JSS, 2020 WL 13389275, 2020 U.S. Dist. LEXIS 263921, at *9 (M.D. Fla. Jul 29, 2020) (finding that "with an appropriate time limitation of five years, inquiry involving other adult Kent bicycles that utilized a welded quill stem is relevant and proportional to the needs of the case."). IBERIA shall specifically identify any hot beverage/liquid passenger burn incidents aboard IBERIA flights and produce any incident reports detailing the occurrences. IBERIA is authorized, however, to redact passenger names as well as other personally identifiable information (PII) or confidential matters such as settlement information, if any.

The motion to compel is denied as to the simulation videos. I accept the representation made by counsel for IBERIA that the videos involve different aircraft equipment (seats and tray tables), and that they will not be used by IBERIA in any way or fashion as part of this litigation. Therefore, they are irrelevant.

The motion is likewise denied as to the request for a Rule 37 award of expenses. Where, as here, a motion to compel is granted in part and denied in part, the Court **may**, "after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C) (emphasis added). In other words, awarding reasonable expenses, including attorneys' fees, is discretionary. *See Bay Club members, LLC v. Selective Ins. Co. of Am.*, 2023 WL 11868238, 2023 U.S. Dist. LEXIS 239876, at *12 (D. Mass. Jan. 31, 2023) (citing *Shea v. Millett*, Civil Action No. 17-cv-12233-ADB, 2019 U.S. Dist. LEXIS 150990, 2019 WL 4218477, at *2 (D. Mass. Sept. 9, 2019)). I find that an award of expenses including attorney's fees is not warranted because both parties advanced non-frivolous arguments to support their positions and the record essentially evinces a genuine disagreement as to the scope of discovery. *Negrón v. DeFelice*, No. 17-cv-95-LM, 2018 WL 2272780, 2018 U.S. Dist. LEXIS 83065, at *7 (D.N.H. May 17, 2018) ("Given the substantial justifications for the parties' positions, the court does not consider apportionment appropriate.").

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 28th day of October, 2026.

S/Héctor L. Ramos-Vega
HÉCTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE